**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**PATRICK D'ANTRE FLUKER**                                                **PETITIONER**

**v.**                                                 **CIVIL ACTION NO. 1:13cv536-KS-MTP**

**RONALD KING**                                                                     **RESPONDENT**

**REPORT & RECOMMENDATIONS**

BEFORE THE COURT is the *pro se* and *in forma pauperis* Petition of Patrick D'Antre Fluker for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254. Respondent Ronald King filed his Response [8] on July 19, 2013. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition [1] be dismissed with prejudice.

**BACKGROUND**

Petitioner Patrick Fluker is post-conviction inmate currently incarcerated at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. Petitioner pled guilty to robbery in the Circuit Court of Forrest County, Mississippi, on December 17, 2003, and was sentenced to a fifteen (15) year term of imprisonment, with twelve (12) years suspended and three (3) years to serve, followed by four (4) years of post-release supervision.[1] After having been released, Petitioner was again arrested for robbery in May 2005, and his post-release supervision was revoked on June 23, 2005.[2] Petitioner was ordered to serve the remaining twelve (12) years of his original sentence.[3] On February 12, 2007, Petitioner pled guilty to an additional robbery charge

---

[1] *See* Order of Conviction [8-1] at 1-4.

[2] *See* Order Revoking Post-Release Supervision [8-1] at 5.

[3] *Id.*

and received a twenty (20) year sentence, to run consecutive to the twelve (12) year sentence he already received.[4]

On July 18, 2012, Petitioner received a Rule Violation Report ("RVR") while incarcerated at SMCI. The RVR reflects that Petitioner possessed "a sharpened instrument" in violation of Mississippi Department of Corrections ("MDOC") Rule C7.[5] As a result of the RVR, Petitioner lost 180 days of earned time. Petitioner appealed the RVR through the MDOC two-step administrative remedies program ("ARP"), and Petitioner's appeal was found to be without merit.[6]

On September 20, 2012, Petitioner appealed the ARP decision to the Circuit Court of Greene County, Mississippi.[7] On January 15, 2013, the circuit court denied relief and affirmed the ARP decision.[8] Petitioner filed a notice of appeal on February 15, 2013.[9] He also submitted an application to proceed *in forma pauperis* on appeal.[10] On March 5, 2013, the Circuit Court of Greene County denied Petitioner's IFP application, noting that there is no right to proceed *in forma pauperis* in a prisoner civil matter, except at the trial court level, under Mississippi law.[11]

On April 8, 2013, Petitioner was directed by the Mississippi Supreme Court Office of the

---

[4] *See* Order of Conviction [8-1] at 6.

[5] *See* Rule Violation Report [8-2] at 1.

[6] *See* ARP Documents [8-3].

[7] *See* Petitioner for Writ of Habeas Corpus [8-4].

[8] *See* Order Affirming Decision [8-5].

[9] *See* Notice of Appeal [8-6] at 20.

[10] *See* Application to Proceed *in forma pauperis* in the Court of the State of Mississippi [8-6] at 9.

[11] *See* Order Denying Leave to Appeal *in forma pauperis* [8-6] at 6.

Clerk to pay the cost of appeal within fourteen days or face dismissal.[12] Petitioner thereafter failed to pay the filing fee, and his appeal was dismissed on May 23, 2013, by the Mississippi Supreme Court.[13]

Petitioner filed the instant Petition on or about June 20, 2013, in which he raises due process arguments regarding the RVR he received at SMCI.[14] Respondent Ronald King filed his Response on July 19, 2013, and argues that the instant Petition should be dismissed for failure to exhaust state remedies.[15]

## **ANALYSIS**

A state court prisoner must exhaust available state court remedies as to each and every ground upon which he claims habeas relief pursuant to 28 U.S.C. § 2254. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Federal law requires habeas petitioners to first present their claims in state court and to exhaust all state court remedies. *See* 28 U.S.C. § 2254(b). The exhaustion requirement is generally satisfied when the grounds urged in the federal petition were presented to the highest state court in a procedurally proper manner. *Wenceslao v. Quarterman*, 326 Fed. App'x 789, 790 ("The exhaustion requirement is satisfied when the substance of the federal habeas claim has been 'fairly presented' to the state's highest court.") (citing *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)). A habeas petitioner may overcome the procedural default if he is able "to demonstrate cause for the default and actual prejudice as a result," or establish that "a failure to

---

[12]*See* Notice [8-6] at 4.

[13]*See* Mandate [8-6] at 2.

[14]*See* Petition [1].

[15]*See* Response [8].

consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).

In the present case, Petitioner appealed the ARP decision in Greene County Circuit Court, where the decision was affirmed. Petitioner then filed a notice of appeal in Mississippi Supreme Court. The circuit court denied Petitioner *in forma pauperis* status, and the court clerk sent notice to Petitioner informing him that he was required to pay the cost of appeal. Petitioner did not comply, and on May 23, 2013, Petitioner's appeal was dismissed for failure to pay court costs. Accordingly, Petitioner has failed to properly exhaust his claims. *See, e.g., Ruff v. Bradley*, 2007 WL 670952, at *2 (N.D. Miss. Feb. 28, 2007) ("No external impediment prevented the petitioner from completely the grievance review process–including paying the costs of his appeal to the Mississippi Supreme Court–and thereafter properly raising and discussing [his] claims as grounds for relief in state court.").

Additionally, as the time for exhausting his claim has passed,[16] Petitioner no longer has the ability to exhaust his arguments. Petitioner's failure to timely seek such review and pay the appeal costs results in a procedural default of his federal habeas claim and bar to its review by this Court. *See Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998)) (stating that when federal habeas claims "are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts . . . [,] there is no substantial difference between nonexhaustion and procedural default"); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (stating that "[w]hen . . . state remedies

---

[16]*See* Miss. R. App. P. 4 (allowing thirty days from the date of entry of the judgment or order for filing a notice of appeal).

are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims").

Petitioner has not shown any cause for his procedural default, aside from his assertion that his *in forma pauperis* motion should have been granted. However, as set forth by the Greene County Circuit Court, civil appeals by prisoners cannot proceed *in forma pauperis* under Mississippi law. *See Tubwell v. Anderson*, 776 So. 2d 654 (Miss. 200); *Moreno v. State*, 637 So. 2d 200 (Miss. 1994). Petitioner has also failed to establish that a failure to consider his claims will result in a fundamental miscarriage of justice. *Id.* Federal case law is abundantly clear that the miscarriage of justice exception is strictly limited to cases of actual innocence and does not reach questions of due process in any habeas claim. *See, e.g., Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to the merits of a barred habeas claim."). Plaintiff does not argue that he is actually innocent of the charge set forth in the RVR; rather, the arguments in his Petition raise due process concerns.

Accordingly, because the Mississippi Supreme Court has not been presented with Petitioner's claims in a procedurally proper manner, his claims have not been fully exhausted and the time for doing so has expired. For these reasons, the Petition should be dismissed with prejudice.

## RECOMMENDATIONS

Based on the foregoing reasons, the undersigned recommends the Petition for a Writ of Habeas Corpus [1] be DENIED and Petitioner's claims be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after

being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS, the 22nd of April, 2016.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge